**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TIMOTHY R. MOORE,

    Petitioner,

vs.                                                    Case No. 3:09-cv-1261-J-32MCR

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 state court (Duval County) conviction for second degree murder on the following grounds: (1) Petitioner was denied due process of law when the trial court denied Petitioner's motion for judgment of acquittal; (2) Petitioner was denied due process of law when the trial court admitted hearsay at trial; (3) Petitioner was denied due process of law when the trial court failed to appoint counsel to represent Petitioner at an evidentiary hearing in a post-conviction proceeding; and (4) Petitioner was denied the effective assistance of counsel.

Respondents have responded to the Petition. See Answer in Response to Order to Show Cause (Doc. #10) (hereinafter Response).[1] Petitioner has replied. See Petitioner's

---

[1] The Court hereinafter refers to the exhibits submitted in support of the Response as "Ex." See Index to Appendix (Doc. #11).

Reply to Response Provided by Respondent (Doc. #14) (hereinafter Reply). Thus, the Petition is ripe for review.[2]

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to,

---

[2] Respondents set forth the procedural history and assert that the Petition was timely filed. See Response at 1-2, 4. Therefore, the Court will not repeat the procedural history.

> or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Marquard,[4] 429 F.3d at 1303.  The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

"Decisions from this circuit and the United States Supreme Court have interpreted 'adjudication on the merits' broadly." Childers v. Floyd, 642 F.3d 953, 968 (11th Cir. 2011), petition for cert. filed, 80 U.S.L.W. 3055 (U.S. Jul. 6, 2011) (No. 11-42).

> [The Eleventh Circuit has] previously noted that § 2254 refers only to "decisions" and not to "opinions." See Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002).  As such, a summary adjudication—a state court decision denying a petitioner's claim without an accompanying statement of reasons—is an adjudication on the merits under AEDPA. Harrington v. Richter, —— U.S. ——, 131 S.Ct. 770, 780, 784, 178 L.Ed.2d 624 (2011); Wright, 278 F.3d at 1255.  And, where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite—or is not even aware of—relevant Supreme Court precedent.  Early v.

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[4] Marquard v. Sec'y, Dep't of Corr., 429 F.3d 1278 (11th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

>> Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (per curiam).

Id.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 550 U.S. at 473-74.  This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

## IV. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner contends that he was denied due process of law when the trial court denied Petitioner's motion for judgment of acquittal.  Petition at 6-6B.  Respondents contend, and this Court agrees, that the federal constitutional due process claim raised in this ground is procedurally barred because it was not exhausted in state court.  See Response at 7-12.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies.  See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).  "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional

claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845).

If a petitioner presents a federal claim in a federal habeas petition, he must have exhausted the same federal claim in state court rather than presenting the issue to the state courts in terms of trial court error or a violation of state law or procedure.

> To present a federal constitutional claim properly in state court, "the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995); see also, Isaacs v. Head, 300 F.3d 1232, 1254 (11th Cir. 2002) (Seriatim Opinions) (Opinion of Anderson J.). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (citations omitted). "[T]o exhaust state remedies, petitioners must do more than present 'the state courts only with the facts necessary to state a claim for relief' and must additionally articulate the constitutional theory serving as the basis for relief." Henry v. Dept. of Corr., 197 F.3d 1361, 1366 (11th Cir. 1999) (quoting Gray v. Netherland, 518 U.S. 152, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996)).

Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003) (per curiam), cert. denied, 543 U.S. 842 (2004); See also Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."); McNair v. Campbell, 416 F.3d 1291, 1303-04 (11th Cir. 2005) (finding that the petitioner's

references to federal law in his state habeas proceedings were "exactly the type of needles in the haystack that we have previously held are insufficient to satisfy the exhaustion requirement" and noting that the petitioner never cited any United States Supreme Court or federal appellate court case; instead, "he relied on state law opinions to argue a state law claim under a state law standard, citing a lone federal district court opinion"), cert. denied, 547 U.S. 1073 (2006).

On direct appeal, Petitioner claimed that the trial court erred in denying Petitioner's motion for judgment of acquittal because the State presented only circumstantial evidence against Petitioner, which did not rebut Petitioner's theory of innocence. Ex. 4 at i, 26, 28-29. Petitioner did not present the federal constitutional due process claim he raises in ground one on direct appeal. He did not cite any federal cases or refer to the United States Constitution with respect to this issue in his initial brief. He did not claim on direct appeal that the trial court's error deprived him of his rights under the United States Constitution. Thus, Petitioner did not exhaust his federal due process claim in ground one on direct appeal.

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his federal due process claim in ground one because it could have and should have been raised on direct appeal. Accordingly, Petitioner's federal constitutional claim in ground one has been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S.

1222 (2004). "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Accordingly, the Court need not address Petitioner's procedurally barred federal claim in ground one.

The exhausted trial court error claim in ground one presents an issue of state law that is not cognizable on federal habeas review. The requirement under Florida law--that the circumstantial evidence must be inconsistent with any reasonable hypothesis of innocence-- is not mandated by federal law. In fact, the opposite is true. "The Court need not exclude every reasonable hypothesis of innocence or find guilt to be the only reasonable conclusion." United States v. Garcia, 13 F.3d 1464, 1473 (11th Cir.) (citing United States v. Kelly, 888 F.2d 732, 740 (11th Cir. 1989)), cert. denied, 512 U.S. 1226 (1994). See also Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir 2001) (noting that, although each element of the offense must be established beyond a reasonable doubt, the state is not required to rule out every hypothesis except that of the guilt of the defendant) (citing Jackson, 443 U.S. at 326

and Martin v. Alabama, 730 F.2d 721, 724 (11th Cir. 1984)), cert. denied, 535 U.S. 926 (2002).

Even assuming Petitioner has presented an exhausted claim of federal constitutional dimension, he is not entitled to relief.  As noted above, Petitioner argued on direct appeal that the trial court erred in denying Petitioner's motion for judgment of acquittal.  The First District Court of Appeal affirmed, per curiam, without issuing a written opinion. Ex. 6.  Thus, there is a qualifying decision under AEDPA from the state appellate court.  Next, this Court must consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Here, after a thorough review of the evidence in the light most favorable to the prosecution, see Ex. 3 (the trial transcript[5]), the Court concludes that a rational jury could have found the essential elements of second degree murder beyond a reasonable doubt.[6] Therefore, Petitioner is not entitled to relief on this claim because the state appellate court's

---

[5] In the initial brief on direct appeal, Petitioner's appellate attorney provided a very thorough summary of the evidence presented at trial. See Ex. 4 at 2-23.

[6] The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998).  "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State."  Thompson v. Nagle, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt.  Thompson, 118 F.3d at 1448.

adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### B. Ground Two

Petitioner contends that he was denied due process of law when the trial court admitted hearsay at trial. Petition at 7-7B. Respondents contend, and this Court agrees, that this ground raises an issue that is not cognizable on federal habeas review. Response at 29-30.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991). "Federal habeas relief is unavailable 'for errors of state law.'" Jamerson v. Secretary for Dept. of Corrections, 410 F.3d 682, 688 (11th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Brannon v. Booth, 861 F.2d 1507 (11th Cir. 1988) (per curiam) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). Whether the trial court erred under state law in admitting hearsay evidence is an issue of state law that is not cognizable on federal habeas review.

Even assuming Petitioner raises a claim of federal constitutional dimension, he is not entitled to relief. He raised this issue on direct appeal, see Ex. 4 at i, 26, 30-31, and the First

District Court of Appeal affirmed, per curiam, without issuing a written opinion. Ex. 6. Thus, there is a qualifying decision under AEDPA from the state appellate court. Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on this claim.

### C.  Ground Three

Petitioner contends that he was denied due process of law when the trial court failed to appoint counsel to represent Petitioner at an evidentiary hearing on his motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion). Petition at 9-9B. Such an issue does not state a basis for federal habeas relief. The Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, Dep't of Corr, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 130 S.Ct. 500 (2009).  "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment--i.e., the conviction itself--and thus habeas relief is not an appropriate remedy." Id. (citations omitted); see also Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) ("Neither the state court's failure to hold a hearing on petitioner's 3.850 motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction. Because

[this] claim . . . goes to issues unrelated to the cause of petitioner's detention, it does not state a basis for habeas relief."). Accordingly, Petitioner is not entitled to relief on this claim.

## D. Ground Four

Petitioner claims that he received ineffective assistance of counsel. Specifically, he asserts that counsel failed to interview James Kennebrew and call him as a witness at trial to establish Petitioner acted in self-defense. Petition at 10A-10B. Petitioner also contends that counsel failed to object when the trial court entered an order prohibiting the defense from presenting evidence that Janice Hester, a key State witness, was a drug addict and was under the influence of drugs at the time of the murder. Id. at 10B-D. Respondents contend that these ineffectiveness claims are procedurally barred. This Court agrees.

Petitioner raised these ineffectiveness claims in his 3.850 motion, and after holding an evidentiary hearing, see Ex. 8, the state circuit court denied Petitioner's 3.850 motion. Ex. 9 at 1-2. Petitioner appealed the denial of his 3.850 motion; however, he did not raise these two ineffectiveness issues in his appellate brief. See Ex. 10.

Exhaustion requires that an appeal be taken from the denial of a post-conviction motion. See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979); Rodwell v. Singletary, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000). Furthermore, "in an appeal of a Rule 3.850 order after an evidentiary hearing, the movant is required to file an appellate brief, and a waiver of a claim results from submission of a brief without argument on a claim." Torres v. Sec'y, Dep't of Corr., No. 8:07-cv-1383-T-24TGW, 2008 WL 1897600, at *10 (M.D. Fla. Apr. 28, 2008) (citations omitted). See also Stevens v. Sec'y, Dep't of Corr., No. 8:10-cv-2481-T-30AEP, 2011 WL 5359928, at *3 (M.D. Fla. Nov. 1, 2011). Because Petitioner

received an evidentiary hearing on his 3.850 motion, any issue not raised in his appellate brief on appeal of the denial of the 3.850 motion was waived. See Cortes v. Gladish, 216 F. App'x 897, 899-900 (11th Cir. 2007) (per curiam) (not selected for publication in the Federal Reporter). It would be futile to dismiss this case to give Petitioner the opportunity to exhaust these two ineffectiveness claims because they could have and should have been raised in the appeal of the order denying the 3.850 motion. Thus, these two ineffectiveness claims have been procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Accordingly, the Court need not address these two ineffectiveness claims.

Even assuming arguendo that these ineffectiveness claims are exhausted, Petitioner is not entitled to relief. "To prevail on th[ese] claim[s], [Petitioner] must meet both the deficient performance and prejudice prongs of Strickland." Wong v. Belmontes, 130 S.Ct. 383, 384 (2009) (per curiam) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

12

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington v. Richter, 131 S.Ct. 770, 787-88 (2011). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir.) (citation omitted), cert. denied, 131 S.Ct. 647 (2010).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Thus, the standards created by Strickland and § 2254(d) are both highly deferential, "and when the two apply in tandem, review is 'doubly' so[.]" Harrington, 131 S.Ct. at 788 (quoting Knowles, 556 U.S. at 123).

13

In denying Petitioner's 3.850 motion, the state circuit court adjudicated these two ineffectiveness claims as follows:

> Defendant further asserts that his trial counsel failed to contact a witness who could have provided evidence in support of his defense. This allegation is also untrue. The witness was contacted prior to trial, and was unable to give admissible evidence in favor of the Defendant.[7] Finally, Defendant asserts that his counsel was ineffective for failing to bring before his jury evidence of drug abuse on the part of the key witness. Again, this allegation is unsupported by the facts. Trial counsel did try to bring such evidence before the jury, but was prohibited by the Court, both *in limine*,[8] and during trial, from doing so.

Ex. 9 at 1-2.

Therefore, there is a qualifying decision under AEDPA from the state circuit court. Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of these claims was not contrary to Strickland, did not involve an unreasonable application of Strickland, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on these claims.

---

[7] At the evidentiary hearing on the 3.850 motion, Petitioner's defense attorney, Assistant Public Defender Waffa Hanania, testified that Petitioner told her that James Kennebrew asked Janice Hester why Petitioner would have killed the victim, and Ms. Hester replied, "I guess he acted in self-defense." Ex. 8 at 15. Ms. Hanania contacted James Kennebrew prior to trial, and Mr. Kennebrew told Ms. Hanania "that was not a conversation he had directly with Ms. Hester; he had heard that that's what she was saying. It was not something that had been told to him directly." Id. Ms. Hanania testified that she explained to Petitioner that such testimony would not be admissible at trial. Id.

[8] Prior to trial, the State filed a motion in limine, requesting the court to prohibit all argument, testimony or evidence regarding Ms. Hester's alleged drug addiction. Ex. 2 at 36-38. After hearing argument, id. at 198-203, the trial court granted the motion. Id. at 39, 203-04.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment denying the Petition and dismissing this case with prejudice and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.[9] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of March, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

---

[9] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

ps 2/13
c:
Timothy R. Moore
Counsel of Record